IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE GONZALES,

        Plaintiff,

vs.                                        CIVIL NO. 99-1299 LFG

ST. PAUL INSURANCE COMPANY,
ATW, INC., and OLIN DEWITT ROSS,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**
## **GRANTING PLAINTIFF'S MOTION TO REMAND**

THIS MATTER is before the Court on Plaintiff's Motion to Remand [Doc. 8]. The motion is opposed. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument would not be of substantial assistance to the Court in resolving this matter. Rather, the motion may be resolved based on the parties' submissions.

### **Preliminary Matters Concerning Magistrate Judge's Authority**

Pursuant to the district's case assignment administrative order, this case was randomly selected and assigned to a magistrate judge to conduct all proceedings, including trial, if necessary. In accord with 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73(b), the parties were provided with consent forms and instructions to either consent to the magistrate judge conducting proceedings in this case or, alternatively, to decline to consent. Not all consents have been returned and an Article III district judge is not yet assigned to this case.

The Tenth Circuit has not determined whether a magistrate judge may act on a motion to remand without the consent of the parties. However, the majority of circuits which have considered

this question conclude that a motion to remand is not a case dispositive matter under Section 636(b)(1)(A), and, therefore, comes within a magistrate judge's authority. The First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits either directly or tacitly approved of a magistrate judge handling these motions. See, e.g., Cok v. Family Court, 985 F.2d 32 (1st Cir. 1993)(28 U.S.C. § 1447(d) bars review by the court of appeals of a district judge's order granting a motion to remand whether the district judge reviewed the magistrate's order as either a final order or as a report and recommendation to which timely objections were filed); Delta Dental v. Blue Cross & Blue Shield, 942 F. Supp. 740 (D.R.I. 1996)(a motion to remand is a non-case dispositive matter and subject to the clearly erroneous or contrary to law standard of review.); Amalgamated Local 55 UAW v. Fibron Prods., Inc., 976 F. Supp. 192 (W.D.N.Y. 1997)(magistrate judge has the authority to determine a motion to remand as a non-case dispositive pretrial matter pursuant to Section 636(b)(1)(A) and Fed. R. Civ. P. 72(a)); Young v. James, 168 F.R.D. 24 (E.D. Va. 1996)(motions to remand are non-case dispositive and are reviewed under a clearly erroneous or contrary to law standard.); Dugas v. Jefferson County, 911 F. Supp. 251 (E.D. Tex. 1995)(a motion to remand is referable to a magistrate judge as non-case dispositive; but see, Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999)); Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc., 844 F. Supp. 1156 (S.D. Tex. 1994); and City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122 (S.D. Miss. 1993)(motion to remand to a state court is non-case dispositive and may be referred to a magistrate judge).

  Also in accord are Naragon v. Dayton Power & Light Co., 934 F. Supp. 899 (S.D. Ohio 1996)(relief sought in motion to remand is non-case dispositive); Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1067 (E.D. Wis. 1997)("[G]enerally, the court

2

would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed. R. Civ. P. 72(b)."); White v. State Farm Mut. Auto. Ins. Co., 153 F.R.D. 639 (D. Neb. 1993)(a magistrate judge has authority to remand as non-case dispositive pretrial matter); see also Banbury v. Omnitrition Int'l, Inc., 818 F. Supp. 276 (D. Minn. 1993)(remand is non-case dispositive matter); MacLeod v. Dalkon Shield Claimants Trust, 886 F. Supp. 16 (D. Or. 1995)(a magistrate judge has authority to enter an order of remand as non-case dispositive matter).

Indeed, the only decisions which specifically reject a magistrate judge's authority to entertain a motion to remand come from the Third Circuit. In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998)(a remand order is dispositive for purposes of Section 636(b)(1)); and Temptations, Inc. v. Wager, 26 F. Supp. 2d 740 (D.N.J. 1998)(an order to remand to state court is dispositive, and a magistrate judge does not have authority to enter it without the consent of the parties).

The decision in U.S. Healthcare was rejected in Vogel v. U.S. Office Prods. Co., 56 F. Supp. 2d 859 (W.D. Mich.1999). In that case, the court approved the magistrate judge's conclusion based on Fed. R. Civ. P. 72(a) that "[b]ecause a remand does not affect a party's claims or defenses, but only the forum in which they may be presented, a motion to remand is necessarily non-dispositive." In Vogel, the court noted that the federal magistrate statute, 28 U.S.C. § 636(b)(1)(A), contains a non-exhaustive list of dispositive motions for which magistrate judges may issue only proposed findings and recommended dispositions. They include motions for injunctive relief, judgment on the pleadings, summary judgment, motions to dismiss or quash an indictment or information, to suppress evidence in a criminal case, to dismiss or permit a class action, to dismiss for failure to state a claim, and to involuntarily dismiss an action. The Vogel court concluded that a motion to remand is

3

dissimilar to those motions listed in the magistrate judges' statute in that they terminate the case entirely or may easily result in termination through the exclusion of necessary evidence. A motion for remand, on the other hand, does none of these. It neither ends a case nor addresses the substance of a party's claims or defenses.

Based on the weight of these authorities and in line with the reasoning in Vogel, this Court concludes that a motion to remand is not a case dispositive motion under Rule 72(b) and that a magistrate judge has authority pursuant to Section 636(b)(1)(A) to act on this motion.

## **Background**

Plaintiff Joe Gonzales ("Gonzales") filed suit for bodily injury and property damage suffered as a result of an automobile accident. Gonzales was a police officer with the City of Santa Rosa and was assisting a motorist whose vehicle was disabled on Interstate 40 outside of Santa Rosa. Gonzales was standing in the roadway outside his vehicle. Olin Dewitt Ross ("Ross"), a truck driver who worked for ATW, Inc. ("ATW"), struck Gonzales' vehicle, which, in turn, struck Gonzales. St. Paul Insurance Company ("St. Paul") is the insurer for ATW and Ross.

Gonzales contends:

> The collision caused losses and damages to the Plaintiff including property damage, physical injuries, loss of earnings and earning capacity, loss of enjoyment of life, loss of household services, pain and suffering, mental anguish, emotional distress and other economic loss, all to his damage in an amount to be proven at time of trial.

(Gonzales' Complaint, ¶ 12).

In accord with rules of pleading applicable to state courts, Gonzales' complaint did not specify the amount of damages being sought. The New Mexico Rules of Civil Procedure state, "unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in

4

any specific monetary amount." N.M.R.A. 1999, Rule 1-010(B).

While the complaint did not contain any specific amount of monetary damages, subsequent to filing suit, Gonzales served a settlement demand on Defendants. The demand was comprehensive, encompassing several pages and including exhibits. The demand included Gonzales' statement of facts outlining his version of liability and a comprehensive overview of Gonzales' injuries, treatment history, diagnosis and damages incurred. He provided specification of past medical damages and claimed loss of household services; lost wages; lost earning capacity; loss of consortium; pain and suffering; and miscellaneous medical treatment expenses, all totaling $253,062.57. This figure, of course, is well in excess of the $75,000 jurisdictional threshold.

Subsequent to Gonzales filing suit and prior to the expiration of thirty days, St. Paul and ATW, both of whom were represented by the same law firm, filed a notice and removed this case to the United States District Court for the District of New Mexico. There is no dispute that prior to filing the notice, St. Paul and ATW knew that Gonzales' claims exceeded $75,000. However, in the actual Notice of Removal, St. Paul and ATW offered no facts to support their assertion of the amount in controversy, but merely state as follows:

> 2. The action is a civil action, of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 dollars, exclusive of interest or costs, and the parties are citizens of different states and/or the action is founded on a claim or right arising under the Constitution, treaties or laws of the United States.
>
> 3. In this case, the Plaintiff has alleged damages in excess of $75,000.00, which he seeks from defendants pursuant to claims under federal and state law including, Breach of Insurance Contract, Insurance Bad Faith, Trade Practice & Fraud Act and Unfair Trade

5

> Practices Act. Plaintiff also seeks punitive damages in an amount to be ascertained at trial and attorneys fees. Therefore, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and/or involves a claim or right arising under the Constitution, treaties or laws of the United States, which is removable without regard to the citizenship or residence of the parties.

Subsequent to the removal, Gonzales filed a motion to remand. This motion is now before the Court for resolution.

## **Analysis**

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992). Because there is a presumption against removal, the court must carefully scrutinize the removal pleadings to determine if removal was properly accomplished. Id. Federal court jurisdiction on removal is strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 872 (1941), and the court should consider removal skeptically because there is a presumption against removal jurisdiction. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995).

Here, it is clear that prior to filing the Notice of Removal, Defendants were aware that Gonzales' claims exceeded the $75,000 threshold. Defendants were aware of this by virtue of Gonzales' settlement demand. Evidence of settlement demands made by a plaintiff prior to remand may be considered by a defendant in determining the jurisdictional threshold. Sayre v. Potts, 32 F. Supp. 2d 881 (S. D. W. Va. 1999). Settlement demands may be relevant and persuasive in determining jurisdiction. Gramc v. Millar Elevator Co., Schindler Enters., 3 F. Supp. 2d 1082 (E.D. Mo. 1998).

Because Gonzales' complaint does not establish the requisite jurisdictional amount to invoke federal jurisdiction, the removing party must include such information in its notice of removal so that the court can determine whether federal jurisdiction is proper.

In Laughlin v. Kmart, the Court of Appeals found:

> Neither Laughlin's [complaint] not Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges the amount in controversy is in excess of $10,000 for each of two claims . . . . The notice of removal does not refer to an amount in controversy, although the [complaint] is attached as an exhibit to the notice.
>
> Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

Laughlin, 50 F.3d at 873.

The removal petition affirmatively states in paragraph 2, "the amount in controversy exceeds the sum or value of $75,000.00 dollars, exclusive of interest or costs . . . ." While this statement is undoubtedly true, based on Gonzales' settlement demand, no support for this statement is included in the removal notice. Defendants do not refer to Gonzales' settlement demand which demonstrates that the amounts in controversy exceed the jurisdictional limit.

In Gaus v. Miles, Inc., a case cited by the Tenth Circuit in Laughlin, the court criticized removal petitions that only contain conclusory statements in reference to the amount in controversy.

> Mobay has offered no facts whatsoever to support the court's exercise of jurisdiction. Instead, Mobay simply alleges that "the matter in current controversy . . . exceeds the sum of $50,000." This allegation, although attempting to recite some "magical incantation," neither overcomes the "strong presumption" against removal jurisdiction, nor satisfies Mobay's burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000.

7

Gaus, at 567.

The same is true here. Removing defendants make the same conclusory statement without explaining the basis of the conclusion. Thus, under this Gaus standard, which was adopted in Laughlin, removing defendants could well have pled facts in the notice of removal demonstrating that the amount in controversy exceeded $75,000. The mere "magical incantation" is insufficient.

While Defendants' allegations in paragraph 3 of the Notice of Removal are somewhat more comprehensive, they are also, on their face, erroneous. In paragraph 3, Defendants state, "[T]he Plaintiff has alleged damages in excess of $75,000.00, which he seeks from defendants . . . ." Indeed, this is a correct statement. Gonzales did seek damages in excess of $75,000 in his settlement demand. However, no underlying facts are presented in the notice. Moreover, paragraph 3 of this notice erroneously asserts that Gonzales' claims are based on breach of insurance contract, insurance bad faith, Trade Practice and Fraud Act and Unfair Trade Practices Act. Paragraph 3 also erroneously states that Gonzales is seeking punitive damages. This language, obviously, was picked up from some prior notice of removal and is not applicable to the actual claims in this case.

A remand may appear harsh, especially in a situation such as this where the plaintiff does not argue that his damages are less than $75,000, but only points to a mere defect in the Notice of Removal. Indeed, when given an opportunity to stipulate that damages were less than $75,000 so as to effect a voluntary remand, Gonzales declined the invitation. Notwithstanding this, the Court is constrained to look at the complaint and the removal pleadings to determine if a factual predicate in support of the jurisdictional threshold is present. Neither the complaint nor the removal documents substantiate the contention that the amount in controversy exceeds $75,000.

Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition. That section provides, "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate.

As a separate and alternate ground, the Court notes that only two defendants, St. Paul and ATW, joined in the removal. The general rule is that all defendants must join in the notice. Failure of all defendants to join in a removal petition renders the petition procedural defective. <u>Cornwall v. Robinson</u>, 654 F.2d 685 (10th Cir. 1981); <u>see</u> <u>also</u> <u>Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen Local 349</u>, 427 F.2d 325 (5th Cir. 1970).

For the above reasons, the Court concludes that it lacks jurisdiction, and, therefore, this case is remanded to the Fourth Judicial District Court, County of Guadalupe, State of New Mexico.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Douglas Booth, Esq.

ATTORNEYS FOR ST. PAUL & ATW:
Robert J. Mroz, Esq.
Michele U. Estrada, Esq.

9