IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE GONZALES,

        Plaintiff,

vs.                                                                                           No. CIV 99-1299 LFG-ACE

ST. PAUL INSURANCE CO., ATW, Inc.,
and OLIN DEWITT ROSS,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
REQUEST FOR RECONSIDERATION OF COURT'S ORDER TO REMAND**

THIS MATTER is before the Court on the Motion of Defendants St. Paul Insurance Co. and ATW, Inc. ("Defendants") for Reconsideration of Court's Order to Remand [Doc. 18]. Although Plaintiff requested and was granted an extension of time to respond, no response was filed.

Defendants filed a Notice of Removal on November 5, 1999. A third defendant, Olin Dewitt Ross, had not been served with process at the time of removal and, so far as the Court can determine, he has not yet been served. The Court granted Plaintiff's motion to remand, following Tenth Circuit precedent which requires that parties seeking removal on the basis of diversity must go beyond a mere allegation that the amount in controversy exceeds $75,000; rather, they must set forth the underlying facts supporting this assertion, either in the complaint or in the removal motion. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the

existence of diversity must be affirmatively established on the face of either the petition or the removal notice").

This requirement has not been met in this case. In his complaint, Plaintiff did not seek damages in any specified amount. Indeed, under New Mexico's state pleading rules, it is impermissible for the complaint to contain an allegation for damages in any specific monetary amount. S.C.R.A. 2000, Rules of Civil Procedure, 1-010(B). Defendants did not meet their burden under Laughlin of setting forth sufficient underlying facts in the Notice of Removal to establish the requisite jurisdictional amount.

As noted in the Court's earlier order, Defendants made an allegation of more than $75,000 in controversy in their Notice of Removal, but they did not provide any factual support for this statement. Defendants did not inform the Court at the time they filed the notice that Plaintiff had made a settlement demand for more than $75,000, and their recitation of the basis for Plaintiff's claims was, through a clerical error, picked up from a prior notice of removal and had no relation to the actual claims in this case.

Defendants cite McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936), for the proposition that the party seeking federal jurisdiction need not go beyond mere assertions until his adversary challenges his allegations of jurisdictional facts. McNutt was not a removal case and therefore is not applicable here. The appropriate standard for determining jurisdiction in cases which, like McNutt, are originally filed in federal court is whether the court can say "to a legal certainty that the claim is really for less than the jurisdictional amount." Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1245 (10th Cir. 1996). The rule is quite different in removal cases. There is a strong presumption against removal jurisdiction, and it "must be rejected

2

if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), cited by the Tenth Circuit in Laughlin, *supra*.

Thus, when a plaintiff brings his complaint in federal court as a matter of original jurisdiction, it may be true that mere allegations will suffice to secure federal jurisdiction unless challenged by the adversary. However, when the defendant is seeking by removal to overturn plaintiff's choice of a state forum, he bears a heavier burden and must establish the factual basis for federal jurisdiction in his Notice of Removal (assuming jurisdiction is not clear from the complaint). This Court is bound to follow Tenth Circuit precedent, even if it might agree with Judge Parker's assessment of the Laughlin rule: "Although it may seem that the Tenth Circuit has established a hypertechnical pleading standard, I am, nevertheless, required to apply it." Caskey v. Crescent Communications, G.P. Inc., No. Civ. 98-337 JP/LFG, slip op. at 3 (D.N.M. Apr. 28, 1998).

Plaintiff made a settlement demand for much more than $75,000. In addition, he did not take the opportunity, offered by Defendants in their opposition memorandum [Doc. 10, at 2], to stipulate that his damages were less than $75,000, in exchange for Defendants' agreement to remand. In light of this, the Court is sympathetic with Defendants' position and considers that it is inconsistent, if not disingenuous, for Plaintiff to argue that there is no showing that the amount in controversy exceeds $75,000, thereby precluding Defendants from offering evidence in support of jurisdiction. However, this is the import of Laughlin, and this court is bound to follow Tenth Circuit precedent.

If Defendants had set forth the facts of the settlement offer and the refusal to stipulate in their Notice of Removal, that would have been sufficient to establish jurisdiction. Defendants state that they were reluctant to produce settlement documents in light of F. R. Evid. 408 which, Defendants claim, provides that offers of settlement "may not be used in attempting to prove the amount of a

3

claim." (Defendants' Memorandum in Support of Motion for Reconsideration [Doc. 16], at 3). Rule 408 doesn't quite say that; rather, it provides that a settlement offer "is not admissible to prove liability for or invalidity of the claim or its amount."  This is not an issue of admissibility.  Offers of settlement are relevant and may be persuasive in determining jurisdiction. Sayre v. Potts, 32 F. Supp. 2d 881 (S.D. W.Va. 1999); Gramc v. Millar Elevator Co./ Schindler Enters., 3 F. Supp. 2d 1082 (E.D. Mo. 1998).  Again, the Court is sympathetic with Defendants' argument that the jurisdictional amount can be clearly ascertained from the facts of Plaintiff's settlement offer and refusal to stipulate in this case.  The problem is that Defendants did not present these facts in their Notice of Removal.

Defendants acknowledge that the factual basis of Plaintiff's claims, as set forth in the removal notice, was incorrectly stated due to a clerical error, and they request that the Court allow them to amend the notice to correct this clerical error.  This is an appealing argument, but permitting an amendment, after Defendants failed to make out the jurisdictional case in their initial pleading, would fly in the face of the rule that the party seeking removal must establish the existence of jurisdiction "at the time the motion is made." Laughlin, at 873.  Indeed, it would create an exception to Laughlin so wide that it would swallow up the rule.

The Court notes that one of the defendants has not yet been served and thus did not join in the request for removal.  If this defendant is hereafter served, and if he otherwise meets the qualifications for removal, he will have thirty days in which to file his own Notice of Removal.  28 U.S.C. §1446(b).  If he does, this Order will not preclude Defendants St. Paul Insurance Co. and ATW, Inc. from joining in any such removal attempt. Cornwall v. Robinson, 654 F.2d 685 (10th Cir. 1981) (all defendants must join in a removal petition); O'Bryan v. Chandler, 496 F.2d 403, 408 (10th Cir. 1974) (the removal statutes allow for more than one petition to remove).

4

IT IS THEREFORE ORDERED that Defendants' Motion for Reconsideration of Court's Order to Remand [Doc. 16] is denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge